COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

                                        MEMORANDUM OPINION*
v.   Record No. 1251-97-4                 PER CURIAM
                                         OCTOBER 7, 1997
VERNON X. McNEIL


                                 FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

            (Robert C. Baker, Jr.; Mell, Brownell &
            Baker, on brief), for appellant.

            (William S. Sands, Jr.; Bruce M. Bender;
            Duncan & Hopkins; Van Grack, Axelson &
            Williamowsky, on brief), for appellee.


     Washington Metropolitan Area Transit Authority (employer)

contends that the Workers' Compensation Commission (commission)

erred in finding that employer failed to prove that Vernon X.

McNeil (claimant):  (1) unjustifiably refused to cooperate with

vocational rehabilitation; and (2) sabotaged three job

interviews.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     In order to obtain relief pursuant to Code § 65.2-603(B),

employer bore the initial burden of proving that the job leads it

provided to claimant were appropriate to claimant's residual work

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

capacity.  Thus, where prior medical approval is not secured for a prospective job, the employer must demonstrate that the job "obviously" fits within the limitations provided by the claimant's physician.  See Talley v. Goodwin Brothers, 224 Va. 48, 52, 294 S.E.2d 818, 820-21 (1982).

In denying employer's application, the commission found as follows:

> [Gabriel] Hubbard, [who began working with and conducting a job search for claimant in December 1995,] testified that she made preliminary calls to the employers selected for interviews to insure that the residual capacity of the claimant satisfied the potential employer's work requirements.  We find that testimony was not persuasive, nor was it credible.  The totality of Hubbard's testimony shows that she did not make that effort, because she could not identify at the evidentiary hearing the particulars of the job duties for any position, but had only a general idea of the work requirements that could have been discerned from the job title alone.  Significantly, Hubbard testified that she learned only at the interview with Brown's Nissan that the position was mistakenly advertised a second time and that the position had been filled.  If she had contacted the employer after the first advertisement had run, there would be no reason to testify about a second advertisement.  Because she would have learned, if she had prescreened the job requirements with the employer after the second advertisement had run, that there was no available position, we conclude that she made no such preliminary screening.  We find that her testimony showing unfamiliarity with the specific duties of the jobs to which she directed the claimant impeaches her testimony as to prescreening.

It is well settled that credibility determinations are

2

within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon Hubbard's inability to recall the specific job requirements of the prospective jobs, the commission was entitled to reject her testimony that she prescreened the jobs to insure that they were compatible with claimant's residual capacity. Absent evidence of medical approval for the job leads or that the prospective job requirements "obviously" fit within claimant's residual capacity, we cannot find as a matter of law that employer's evidence sustained its burden of proving that claimant unjustifiably refused vocational rehabilitation services.

Because our holding on the first question presented by employer disposes of this appeal, we need not separately address employer's second question presented.

For the reasons stated, we affirm the commission's decision.

Affirmed.

3